IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRANDON A. GASTON,

                Petitioner,

     v.

LIZZIE TEGELS,

                Repondent.

ORDER

15-cv-731-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Respondent Lizzie Tegels has moved for dismissal of petitioner Brandon A. Gaston's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner opposes the motion, conceding that he missed the date for filing but arguing that equitable tolling is justified in his case.  He alleges that his counsel, Christopher Gramstrup, refused to return the case file to petitioner despite petitioner's repeated requests that he do so, and that this gave petitioner reason to believe that Gramstrup was continuing to pursue post conviction relief on his behalf in the state court.

A review of the record shows that, even if Gramstrup refused to return the case file, petitioner could have developed his post conviction claims without the file and he had ample time in which to file his federal habeas claim.  Accordingly, respondent's motion to dismiss the petition will be granted.

BACKGROUND

Petitioner was convicted in 2013 of second degree sexual assault by use of force, victim intimidation by threat of force and two counts of felony bail jumping, all as a repeat offender. He was sentenced in the Circuit Court for Eau Claire County in case no. 2011CF737 to a term of nine years of initial confinement to be followed by seven years of extended supervision. Judgment was entered on May 7, 2013. Dkt. #19-3, at 2. He did not file a direct appeal from his conviction. Id.

Petitioner's counsel, Chris Gramstrup, filed a notice of intent to pursue post conviction relief on May 7, 2013. The record was mailed to Gramstrup on June 17, 2013 and on August 8, 2013, 12 transcripts of case proceedings were filed in the circuit court. Id. at 3-4.

On November 15, 2013, Gramstrup filed a motion to withdraw as counsel for petitioner. Id. at 2. The motion was granted on November 18, 2013. Id. at 2. On May 22, 2014, petitioner petitioned for a writ of habeas corpus in the Wisconsin Court of Appeals. Id. at 1. That court denied the petition on August 8, 2014, ruling that petitioner's counsel had not been ineffective. Id. Petitioner filed a timely petition for review, which the Wisconsin Supreme Court denied in an order entered on November 17, 2014. Id. A year later, on November 17, 2015, petitioner filed a petition for a writ of habeas corpus in this court, alleging ineffective assistance of appellate counsel and saying that although counsel had told him he planned to close petitioner's file unless petitioner wrote him to disagree, counsel had been granted leave to withdraw as counsel on the day after he wrote. Petitioner

2

alleged that he had not been informed that he would waive his right to the assistance of counsel or that he would not be appointed successor counsel to assist him with the appeal of his conviction.

OPINION

Under the Antiterrorism and Effective Death Penalty Act of 1996, state prisoners have one-year in which to seek habeas corpus relief in federal court.  28 U.S.C. § 2244(d)(1). The statute sets out several different dates on which the period starts to run, depending on the circumstances of the case.  In this case, the applicable period began to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  This period is tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

Petitioner did not seek direct review of his 2013 conviction in state court, which means that his conviction became final on October 7, 2013, the last day on which he could have taken a timely appeal.  He then had one year in which to seek post conviction relief. However, this limitations period was tolled for seven and one-half months when petitioner filed a habeas petition in state court, challenging his custody.  After the petition was denied by the Wisconsin Court of Appeals, he sought review of the decision by the Wisconsin Supreme Court, which denied his request, starting the one-year limitations period running again.  At this point, petitioner had four and one-half months in which to file a petition in

federal court, or until March 31, 2015. By waiting to file until November 17, 2015, he lost his opportunity for federal review of his conviction.

Petitioner contends that he should not be bound by the one-year limit in light of his appellate counsel's failure to hand over the case file, to investigate a potential claim and to respond to requests for information about the status of an investigation into a potential claim, but he has not explained why he needed the file in order to argue that his counsel had refused to turn the file over to him and had withdrawn without investigating or responding to petitioner's requests for information. Once petitioner's state habeas proceeding had come to a close, he still had more than four months in which he could have filed a petition for federal habeas relief, based on his contention that his court-appointed counsel had abandoned him. He did not need the case files to do this; he knew that counsel had been allowed to withdraw from representing him.

Petitioner's unexplained delay in seeking federal relief does not excuse him from compliance with the rules set out in 28 U.S.C. § 2244(d)(1). His case does not present extraordinary circumstances far beyond his control that prevented timely filing. Socha v. Boughton, 763 F.3d 674 (7th Cir. 2014). He has not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010). Accordingly, I conclude that petitioner's motion for a writ of habeas corpus must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant.

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.   Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma</u> <u>pauperis</u>.


ORDER

IT IS ORDERED that petitioner Brandon A. Gaston's petition for a writ of habeas corpus is DENIED because it is untimely under 28 U.S.C. § 2244(d).  No certificate of

appealability shall issue.

Entered this 17th day of May, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge